PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| H. BECK, INC., | ) | |
| | ) | CASE NO. 5:20CV1413 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HEALTH AND WELLNESS | ) | |
| LIFESTYLE CLUB, LLC, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

Pending is Plaintiff's Motion for Temporary Restraining Order ("motion") (ECF No. 2) seeking to enjoin the arbitration, styled *Health and Wellness Lifestyle Club, LLC v. Carolyn Valentine, CPA, et al.*, Financial Industry Regulatory Authority ("FINRA") Case No. 20-01120.

After notice to the parties, the Court held an electronic hearing *via* Zoomgov.com on the motion. The Court has been advised, having reviewed the record, Plaintiff's pleadings and memoranda (ECF Nos. 2 and 13), Defendant's memorandum in opposition (ECF No. 11), and the applicable law. The Court has also considered the testimony of Steven Hastings and Nupur Nagar and the oral arguments of counsel.[1]

For the reasons below, the motion is denied.

---

[1] During the hearing, Defendant was given leave to file supplemental exhibits. Thereafter, Defendant timely submitted the exhibits. *See* Defendant's Notice of Filing Supplemental Exhibits (ECF No. 16). Plaintiff's Objection to Admission of the Supplemental Exhibits (ECF No. 17) is overruled.

(5:20CV1413)

**I.**

On or about May 5, 2020, Defendant filed its First Amended Statement of Claim in FINRA Arbitration. *See* ECF No. 2-8.

According to Plaintiff, FINRA Rule 12200 provides that parties must arbitrate a dispute under the Code of Arbitration Procedure for Customer Disputes (the "Code") only if arbitration under the Code is either: (1) required by a written agreement, or (2) requested by the customer; the dispute is between a customer and a member or associated person of a member; *and* the dispute arises in connection with the business activities of the member or the associated person. *See* ECF No. 2 at PageID #: 166; ECF No. 15 at PageID #: 632. There is no dispute that arbitration is not required by a written agreement between the parties. The issues before the Court are (1) whether Defendant was a "customer" of Plaintiff or (2) whether the dispute arises out of non-party Carolyn Valentine, CPA's[2] role as an associated person of Plaintiff. ECF No. 15 at PageID #: 634. Believing it is improperly embroiled in a FINRA arbitration, Plaintiff seeks to enjoin the arbritration.

**II.**

Four factors are important in determining whether a temporary restraining order is appropriate: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance

---

[2] *Valentine v. Health and Wellness Lifestyle Clubs, LLC*, No. 5:20CV1405 (N.D. Ohio filed June 25, 2020) is also pending before the undersigned. Case Nos. 5:20CV1405 and 5:20CV1413 were assigned to Judge Sara Lioi. On July 1, 2020, Judge Lioi recused herself from both cases, and they were reassigned to the undersigned.

(5:20CV1413)

of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Am. Family Life Ins. Co. v. Hagan*, 266 F. Supp.2d 682, 687 (N.D. Ohio 2002) (O'Malley, J.); *see also Reid v. Hood*, No. 1:10 CV 2842, 2011 WL 251437, at *2 (N.D. Ohio Jan. 26, 2011) (Gwin, J.) (noting that "standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo") (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977)).

The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). No single factor is determinative except that "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). "The burden of proving that the circumstances 'clearly demand' such an extraordinary remedy is a heavy one: '[t]he party seeking the injunction must establish its case by clear and convincing evidence.' " *Marshall v. Ohio Univ.*, No. 2:15-cv-775, 2015 WL 1179955, at *4 (S.D. Ohio March 13, 2015) (quoting *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)); *Honeywell, Inc. v. Brewer-Garrett Co.*, No. 97-3673, 1998 WL 152951, at *3 (6th Cir. March 23,1998)). In balancing the four considerations applicable to issuance of a temporary restraining order, the Court holds that equitable relief is not appropriate at this time for the reasons that follow.

3

(5:20CV1413)

### A. Likelihood of Success on the Merits

Plaintiff argues a party may seek to enjoin a FINRA arbitration through a petition for injunctive relief in federal district court. *See, e.g.*, *UBS Sec. LLC v. Voegeli*, 684 F. Supp.2d 351, 354, (SDNY 2010). ECF No. 17 at PageID #: 797.

Plaintiff, however, does not have a strong likelihood of success on the merits. In *Wilson-Davis & Co., Inc. v. Mirgliotta*, No. 1:16CV3056 (N.D. Ohio filed Dec. 21, 2016), a FINRA member brokerage firm seeking to enjoin arbitration proceedings filed a complaint for declaratory action and injunctive relief under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, asserting it lacked any obligation to arbitrate the claims of the investors under FINRA Rule 12200(2). It also moved for an injunction on that basis. Finding the investors' claims were subject to FINRA arbitration, the district court denied the brokerage firm's request for a permanent injunction and entered judgment in favor of the investors. *Wilson-Davis & Co., Inc. v. Mirgliotta*, No. 1:16CV3056, 2017 WL 1545180 (N.D. Ohio April 28, 2017) (Gaughan, J.). The Sixth Circuit affirmed. *Wilson-Davis & Co., Inc. v. Mirgliotta*, 721 Fed.Appx. 425 (2018). The Court of Appeals concluded: "Under [*Vestax Sec. Corp. v. McWood*, 280 F.3d 1078, 1081-82 (6th Cir. 2002)], a dispute arising 'from a firm's lack of supervision over its brokers' constitutes a dispute that 'arises in connection with the business activities' of the FINRA member, even when the FINRA member is not aware of the transactions facilitated by the broker." *Id.* at 428.

In *WMA Securities, Inc. v. Ruppert*, 80 F. Supp.2d 786 (S.D. Ohio 1999), a securities dealer sued to enjoin arbitration of claims by alleged customers. On plaintiff's motion for

4

(5:20CV1413)

injunction and defendants' motion to compel arbitration, the district court held that persons who discussed investment possibilities with plaintiff's registered representatives but did not open accounts with plaintiff, were nevertheless "customers," within the meaning of National Association of Securities Dealers ("NASD")[3] arbitration rule requiring a dealer to arbitrate disputes. *Id.* at 788-89.

Plaintiff contends that Defendant was not a "customer" of H. Beck, Inc. ECF No. 2 at PageID #: 166-68. Defendant presented credible evidence during the hearing that Health and Wellness Lifestyle Clubs, LLC was basing its investment decisions[4] on the marketed financial statements on the sale provided to it by Valentine. This information was part of the transactional marketing documents which Defendant used to raise debt and equity capital. Defendant argues it was therefore a customer who was being sold marketed financial statements showing attractive investment returns. ECF No. 11 at PageID #: 333-34.

Next, Plaintiff argues Defendant's purchase of the Golf Courses did not "arise[ ] in connection with the business activities of . . . an associated person " of H. Beck, Inc. FINRA Rule 12200(2). ECF No. 2 at PageID #: 168-69. In *Vestax*, the Sixth Circuit rejected a narrow interpretation of "business activities" in considering the extent to which alleged negligent and fraudulent conduct by employees of a securities brokerage firm arises in connection with a firm's business activities. 280 F.3d at 1081-83. Valentine is a representative of Plaintiff as indicated on her emails which state, "Carolyn Valentine is a registered representative of H. Beck, Inc." *See*

---

[3] The NASD is the predecessor to FINRA. *S.E.C. v. AIC, Inc.*, No. 3:11-CV-176, 2013 WL 5134411, at *3 (E.D. Tenn. Sept. 12, 2013).

[4] The investment regarded Golf Courses.

(5:20CV1413)

ECF Nos. 11-4 and 11-5.  Defendant has not yet been able to conduct discovery to determine Plaintiff's involvement or alleged lack of involvement with Valentine as it relates to Health and Wellness Lifestyle Clubs, LLC.

### B. Irreparable Injury

**1.**

Plaintiff has not shown by clear and convincing evidence that there is harm, let alone irreparable injury, that will befall it from arbitrating Defendant's claims.  "There is nothing inherently unfair . . . about being required to participate in arbitration, especially where one has contractually agreed to resolve disputes via arbitration."  *Pritchard v. Dent Wizard Int'l Corp., 275 F. Supp. 2d 903, 919 (S.D. Ohio 2003)*.  Plaintiff, as a FINRA member securities firm, has undeniably agreed to arbitrate "any dispute, claim, or controversy."  *See* FINRA Rule 10301(a); *see also USAllianz Sec., Inc. v. Southern Mich. Bancorp, Inc.*, 290 F. Supp.2d 827, 831 (W.D. Mich. 2003) ("Whether [the investors] have alleged meritorious claims is not pertinent to this inquiry.  [The investors'] allegations clearly implicate [the securities broker-dealer] for its conduct upon affiliating with [the broker].  The claim of failure to supervise 'arises in connection with the business' of [the securities broker-dealer] for the purposes of Rule 10301(a).").  If, as Plaintiff asserts, Defendant is not a customer and the dispute does not arise in connection with the business activities of Valentine, those issues should be raised within the confines of the FINRA arbitration.

**2.**

Additionally, Defendant argues that prior to a ruling in the FINRA arbitration, any claims in the case at bar are not ripe for judicial review because such review would be interlocutory in

6

(5:20CV1413)

nature. ECF No. 11 at PageID #: 344. In *Quixtar, Inc. v. Brady*, 328 Fed.Appx. 317 (6th Cir. 2009), the Sixth Circuit stated:

> We agree with the District Court that *Respondents are effectively seeking interlocutory review of the arbitrator's decision that the arbitration provision is enforceable*. However, we believe that the District Court should have taken this reasoning one step further. *The District Court's conclusion that courts should decline interlocutory review of ongoing arbitration proceedings applies with equal force to Respondents' collateral-estoppel attack on arbitrability*. In the instant case, collateral estoppel is simply another defense raised by Respondents to the enforceability of the arbitration provision. Like Respondents' substantive arguments for non-enforceability, *this issue may be raised in the arbitration proceedings and may be reviewed by a court after the JAMS Arbitration has reached its conclusion*. We believe, therefore, that the District Court erred in reaching the merits of collateral estoppel and should instead have disposed of this issue—as it did the others—on the ground that Respondents sought de facto interlocutory review. Accordingly, we affirm the district court's denial of Respondents' motion to dismiss or for summary judgment on the alternate ground that Respondents are effectively asking for interlocutory review of the arbitration proceedings. Although there may be questions of waiver, *Respondents will have the opportunity to raise collateral estoppel and other arbitrability arguments in a separate action at the conclusion of the arbitration proceedings, as well as during the arbitration proceedings*.

*Id.* at 322-23 (emphasis added; footnote omitted). The Court agrees that after a ruling in the FINRA arbitration, the parties will be able to seek judicial review to confirm or vacate the award.[5] *See, e.g.*, *Lott v. Morgan Stanley Smith Barney, LLC*, No. 15-14338, 2016 WL 4036878 (E.D. Mich. July 28, 2016) (denying stock broker's motion to vacate arbitration award and granting securities broker-dealer's motion asking the court to confirm the arbitration award).

---

[5] The Court offers no opinion on whether the action should be filed in California as advocated by Defendant.

(5:20CV1413)

### C.  Substantial Harm to Others

The third factor is whether issuing a temporary restraining order would cause substantial harm to others.  The FAA promotes a "strong federal policy in favor of arbitration."  *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2001) (citations omitted).  Defendant argues if every party that files a FINRA claim is then faced with a motion for temporary restraining order in federal court, the entire concept and policy in favor of arbitration will be undermined.  ECF No. 11 at PageID #: 341.  On one hand, it appears that the only consequence to Defendant if a temporary restraining order issues would be a delay in arbitration and costs of federal litigation.  On the other hand, if nearly every FINRA arbitration were delayed by ancillary federal litigation and the costs thereof, such arbitration would be short-lived.  This factor, ultimately, discourages issuance of a temporary restraining order.

### D.  Public Interest

The above factor bleeds into this final factor:  whether the public interest would be served by issuing the temporary restraining order.  Plaintiff argues that Defendant has no basis on which to compel H. Beck, Inc. to arbitrate.  ECF No. 2 at PageID #: 171   Given the record established thus far, this argument does not tip the scales in Plaintiff's favor.

### III.

On balance, the factors discourage issuance of a temporary restraining order. Accordingly, Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is denied.

(5:20CV1413)

Plaintiff's Motion for Preliminary Injunction (ECF No. 2) shall come on for an electronic hearing to take place via Zoomgov.com on August 26, 2020 at 1:30 p.m. EDT. The Zoom Meeting details will be distributed.

IT IS SO ORDERED.

 July 9, 2020                           */s/ Benita Y. Pearson*  
Date                                         Benita Y. Pearson  
                                               United States District Judge